# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOBAN,<br><br>        Petitioner,<br><br>    v.<br><br>BRIAN DUFFY,<br><br>        Respondent. | Case No.  1:15-cv-00681-LJO-GSA-HC<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA |

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any

1

other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Here, it appears that all of Petitioner's claims relate to the execution of his sentence. Petitioner argues that the Parole Board should have set a base term and parole release date, that the application of Marsy's Law to his sentence is an ex post facto violation, and that his rights were violated when the Parole board found him unsuitable for parole in 2014. Petitioner is presently incarcerated at the California Health Care Facility in Stockton, California, which is located in San Joaquin County, which is part of the Sacramento Division of the United States District Court for the Eastern District of California. See Local Rule 120(d). Therefore, venue is proper in the Sacramento Division.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court, may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to the Sacramento Division.

Good cause appearing, IT IS HEREBY ORDERED that:

1. This action is transferred to the Sacramento Division of the United States District Court for the Eastern District of California; and

2. All future filings shall reference the new Sacramento case number assigned and shall be filed at :

United States District Court
Eastern District of California
501 "I" Street, Suite 4-200
Sacramento, CA 95814

IT IS SO ORDERED.

Dated:  **June 18, 2015**                              **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE

2